# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

September 21, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: E.T. & J.T.**

**No. 15-0308** (Monongalia County 14-JA-35 & 14-JA-36)

## MEMORANDUM DECISION

Petitioner Father S.T, Sr., by counsel Edmund J. Rollo, appeals the Circuit Court of Monongalia County's February 12, 2015, order terminating his parental rights to E.T. and J.T. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Gabrielle Ash, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to grant him an improvement period prior to termination of his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition against petitioner and the children's mother alleging that E.T. and J.T. were in danger because both parents failed to remedy circumstances that led to a prior abuse and neglect proceeding, in which they lost custody of older children.[2] The petition also claimed that, in addition to the prior proceeding, the children's mother tested positive for hydromorphone, an opiate for which she admitted she had no valid prescription, while pregnant with E.T. and J.T.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]Four older children were at issue in the prior abuse and neglect proceeding, only two of whom were petitioner's biological children. Neither E.T. nor J.T. were born at that time. In the prior proceeding, both parents voluntarily relinquished their parental rights to two of the children, and the children's mother had her parental rights involuntarily terminated to the two remaining children.

In September of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations in the petition. In October of 2014, the circuit court held a dispositional hearing. At that time, petitioner moved for a post-adjudicatory improvement period, but the DHHR opposed that motion. According to the DHHR's proffer, petitioner failed multiple drug screens since the adjudicatory hearing in September of 2014. Petitioner admitted to his positive drug screens, but he argued that he had a valid prescription for the substances at issue, although he claimed he was unable to retrieve his prescriptions from his home prior to the hearing. The circuit court held its ruling on petitioner's improvement period in abeyance and continued the dispositional hearing until December of 2014 in order to provide petitioner with an opportunity to demonstrate his compliance with services and to obtain employment and appropriate housing.

In December of 2014, the circuit court held a second dispositional hearing. The circuit court heard proffers and evidence that petitioner had obtained housing, but that said housing was inadequate for children due to disrepair and excessive trash in or around the property. The DHHR also presented evidence that petitioner missed eight drug screens in a one-month period and that he tested positive on multiple occasions for oxazepam and benzodiazapines. In response, petitioner claimed to have medical and other explanations for at least a portion of those missed drug screens. Further evidence revealed that petitioner missed several visits with his children and that he missed appointments with his service provider for parenting and adult life skills classes. At the conclusion of the hearing, the circuit court permitted petitioner to receive services for an additional six weeks. The circuit court ordered a final dispositional hearing for January of 2015 to consider further action in this matter.

In January of 2015, the circuit court held its final dispositional hearing. A Child Protective Services ("CPS") worker and petitioner's service provider testified that petitioner continued to be non-compliant with his drug screens and parenting services. The circuit court heard evidence that petitioner missed four of six visits with his children; that his service provider closed his service account due to non-compliance; that he failed to follow through with those services while in place; and that he missed nine drug screens since the hearing in December of 2014. Based on the evidence presented, the circuit court terminated petitioner's parental rights to the children by order entered on February 12, 2015. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of his parental rights without first granting his motion for an improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the case sub judice, petitioner failed to satisfy that burden. While petitioner cites evidence presented below that is favorable to his position, he ignores the substantial evidence presented in support of termination of his parental rights to these children without further time for parental improvement. The record on appeal establishes that petitioner continually demonstrated his inability to comply with services offered to him. Importantly, he routinely missed both visits with his children and drug screens throughout the underlying proceedings. Further, on many of the drug screens he provided, he tested positive for controlled substances. Although petitioner may have shown minimal effort to improve his home, it is clear from the record before this Court that he was not likely to fully participate in an improvement period. Therefore, we find no error in the circuit court's termination of petitioner's parental rights to these children without first granting him an improvement period.

We also note that the circuit court properly terminated petitioner's parental rights pursuant to West Virginia Code § 49-6-5. Under that statute, circuit courts shall terminate parental rights when there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future and when necessary for the child's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Overwhelming evidence supported the finding that petitioner failed to follow through with rehabilitative and other services and that termination was in the children's best interests. As such, the circuit court properly terminated petitioner's parental rights in this matter.

For the foregoing reasons, we find no error in the circuit court's February 12, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II